IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20699
Summary Calendar

_____

MAYNOR ISRAEL CALI,

                                        Petitioner-Appellant,

versus

RICHARD B. CRAVENER, Director
of Immigration Naturalization
Services,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3161
--------------------
April 21, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:*

    Maynor Israel Cali, prisoner # 92988948, argues that the district court erred in dismissing his 28 U.S.C. § 2241 habeas petition seeking judicial review of an order of the Board of Immigration Appeals (BIA) ordering his removal from the United States based on his conviction for delivery of a controlled substance.  He argues that his removal violates the Ex Post Facto Clause because he committed the offense prior to the enactment of

--------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). He also argues that these provisions did not preclude habeas review of the removal order by the district court.

The IIRIRA's permanent provisions apply to cases in which deportation proceedings commenced on or after April 1, 1997. See Max-George v. Reno, ___ F.3d ___ (5th Cir. Feb. 24, 2000, No. 98-21090), 2000 WL 220502, at *2 n.3, *8. Because Cali's removal proceeding were commenced after that date, his case is governed by the amended permanent rules. "IIRIRA's permanent provisions eliminate § 2241 habeas corpus jurisdiction for those cases that fall within [8 U.S.C.] § 1252(a)(2)(C)." Max-George, 2000 WL 220502, at *4. Cali's conviction, whether for possession or delivery of cocaine, fell within the scope of § 1252(a)(2)(C). See 8 U.S.C. § 1101(43)(B), § 1227(a)(2)(A)(iii),(B).

With respect to Cali's argument that he cannot be deported based on a criminal offense committed prior to the enactment of the AEDPA and the IIRIRA, the date of the commission of the offense is not relevant pursuant to § 1252(a)(2)(C). "Congress has the power to make an alien's past criminal conduct subject to present or future deportation notwithstanding the fact that the alien could not have been deported for the act at the time it was committed." Max-George, 2000 WL 220502 at *5. The use of such convictions does not result in the retroactive application of the new provisions. See Requena-Rodriquez v. Pasquarell, 190 F.3d 299, 308 (5th Cir. 1999).

Cali also argues that the elimination of § 2241 review violates the Suspension Clause. "Congress can repeal or supercede § 2241 without violating the Suspension Clause, assuming that the constitutional writ guaranteed against `suspension' is not eliminated." Max-George, 2000 WL 220502 at *6. Despite the limitations of the IIRIRA, aliens receive sufficient judicial review to satisfy the Suspension Clause. Id. at *7.

Cali also argues that it is a denial of equal protection to allow previously convicted aliens who leave the country the right to apply for discretionary relief while denying this right to convicted aliens who remained in the country.

The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation. See Requena-Rodriguez, 190 F.3d at 309.

The district court lacked subject-matter jurisdiction to consider the instant § 2241 petition. See Max-George, 2000 WL 220502, at *4. Therefore, the dismissal of the petition for lack of jurisdiction is AFFIRMED.

Cali does not argue on appeal his argument made in the district court that his Fifth Amendment right to due process was violated because he was not removed from the United States within 90 days of the final administrative order by the BIA. Because he has not raised this issue on appeal, it is deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744,

748 (5th Cir. 1987).

Cali's motion to file an out-of-time reply brief is GRANTED.

Cali's motion for release pending his appeal is DENIED as moot.

Cali has also filed a motion in opposition to the appellee's request for oral argument.  The motion is DENIED as unnecessary.

AFFIRMED.